# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

### STATE OF TENNESSEE v. ANTONIO FREEMAN

**Criminal Court for Sumner County**
**No. 2010-CR-820   Dee David Gay, Judge**

---

**No. M2012-02691-CCA-10B-CD - Filed January 15, 2013**

---

### OPINION

On December 19, 2012, Appellant, Antonio Freeman, pursuant to Tennessee Supreme Court Rule 10B, section 2.01, filed a petition for an interlocutory appeal as of right. The petition sought an appeal of the trial court's order denying his motion to have the trial judge recused. The Appellant asks this Court to review the trial judge's order denying his motion to recuse. *See* Tenn. Sup. Ct. R. 10B, Sec. 1. Appellant presents the following issues for our review on appeal: (1) whether a person of ordinary prudence in the trial court's position, knowing all the facts known to the trial court, would find a reasonable basis for questioning the trial court's impartiality in the present case; and (2) whether Rule 10B requires specific language as to why the motion for recusal is not presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. After a thorough de novo review of the record and relevant authorities, we conclude that the trial court properly denied Appellant's motion for recusal. The judgment of the trial court is affirmed.

**Tenn. Sup. Ct. R. 10B; Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Sharlina Pye-Mack, Hendersonville, Tennessee, for the appellant, Antonio Freeman.

Robert E. Cooper, Jr., Attorney General and Reporter; Jennifer L. Smith, Assistant Attorney General, for the appellee, State of Tennessee.

*Factual Background*

Appellant herein was prosecuted and convicted on drug charges in Sumner County in March of 2000. The trial judge was the assistant district attorney at that time. After Appellant was released from that sentence, he was arrested for driving under the influence. He posted bond and was released from custody. Several months later, Appellant was arrested for possession of cocaine with intent to sell, possession of marijuana, and possession of drug paraphernalia. Appellant was unable to post bond and, thus, remained incarcerated while the charges were pending. An indictment was issued and Appellant appeared in front of the trial judge. Prior to trial, Appellant filed numerous pro se motions, all of which were denied by the trial court.

While awaiting trial, Appellant was charged with and convicted of possession of contraband in a penal facility. As a result he was sentenced to serve ten years in prison. It is from this conviction that the appeal herein arises. Appellant's previous court-appointed attorney filed two motions to recuse, the first before trial and the second prior to the sentencing hearing. Both motions alleged as the sole ground in support of recusal that the trial judge was a named defendant in two federal civil lawsuits filed by the Appellant pro se. The trial judge denied both motions. Appellant's current court-appointed counsel filed a third motion to recuse in this case following the filing of the motion for new trial but prior to the hearing on that motion.[1] In addition to the pro se federal lawsuits against the trial judge, current counsel alleged as a second ground for recusal that the trial judge served as the prosecuting attorney on a criminal charge against the Appellant in 1999. The trial judge denied the motion.

The trial judge ruled that the recent motion to recuse did not comply with the requirements of Rule 10B because counsel "did not state with specificity that the third motion would not cause 'unnecessary delay or needless increase in the cost of litigation.'" The trial judge noted that the Appellant had included in his motion for new trial, which had already been filed, the recusal issue addressed in the first two motions filed by previous counsel. The trial judge thus stated that "[t]here was no satisfactory reference in the [third] motion, or explanation that this third motion would not 'cause unnecessary delay or needless increase in the cost of litigation.'"

The trial judge nevertheless addressed the merits of the third motion to recuse and concluded that he "had no doubt as to his ability to preside impartially in the case, and that

_____

[1]This most recent motion to recuse was filed pursuant to the provisions of Rule 10B, which became effective July 1, 2012. The two previous motions were filed by former counsel prior to the enactment of Rule 10B.

a person of ordinary prudence in the Judge's position, knowing all the facts known to the Judge, would not find a reasonable basis for questioning the Judge's impartiality." In his written order denying the motion, the trial judge ruled as follows:

> Concerning the Federal lawsuit, as stated by the Court during the third recusal hearing, the Court was one (1) of a "host" of defendants sued by [Appellant] in Federal Court. All the allegations in the pro se lawsuit were vague and hard to figure out. The lawsuit involved incidents directly related to the investigation, prosecution, and incarceration of [Appellant] in cases in the Criminal Justice System in Sumner County, Tennessee.
>
> This Court is fully aware of appearances of impropriety, but a "reasonable person" would have no difficulty in discerning the motive and timing of [Appellant] in the filing and prosecution of the Federal lawsuit. There were numerous defendants who were involved in the Criminal Justice System in Sumner County including the prosecutor, the General Sessions Judge, and the Criminal Court Judge. While we must be sensitive to appearances of impropriety, we must also recognize occasions where defendants will intentionally create conflicts by their own choices. [Appellant's] lawsuit was a creation of a conflict that he now tries to use to his benefit in a motion for recusal. Our system of justice cannot allow this nor can it provide for new judges to take over cases where defendants file lawsuits or judicial complaints against judges to use as a ground for recusal. If this Court were to grant a motion to recuse under these circumstances, there would be a legion of lawsuits filed against the trial judge by defendants who do not want the trial judge presiding over their cases.
>
> Although the involvement of the trial judge in the former drug conviction of Appellant] as a prosecutor had not been raised in the two (2) other motions for recusal, that fact makes no difference in the ruling of this Court. It is clear that this conviction was never in contest in this case. Recusal is required when a judge has previously served as prosecutor of the defendant in the same case. *Wilson v. State*, 281 S.W.2d 151 (Tenn. 1926). Recusal is not required when a judge presides over a proceeding where the defendant is found to be an habitual criminal based upon defendant's earlier indictments, guilty pleas, and convictions when the judge was the district attorney general. *State v. Warner*, 659 S.W.2d 580 (Tenn. 1983). A judge who previously prosecuted the defendant for DUI is not required to recuse himself as judge in a subsequent DUI case. *Owens v. State*, 13 S.W.3d 742 (Tenn. Crim. App. 1999) [sic]. Even a trial judge who presided over a prior death penalty case of

3

the defendant is not required to be recused in a second death penalty case. *State v. Reid*, 213 S.W.3d 792 (Tenn. 2006).

The conviction of [Appellant] in March 2000 was one of many cases that the trial judge prosecuted in his twenty-six (26) year career with the Sumner County District Attorney's Office. There is nothing significant, eventful, or even contested that would cause a reasonable person to question the judge's impartiality in connection with that case.

The Appellant now appeals from the denial of the motion to recuse.

*Analysis*

On appeal, Appellant argues that a reasonable person of ordinary prudence in the trial court's position, knowing all the facts known to the trial court, would find a reasonable basis for questioning the trial court's impartiality. Specifically, Appellant contends that a reasonable person of ordinary prudence in the trial court's position would find a reasonable basis for questioning the trial court's impartiality because of: (1) the pending civil litigation filed by Appellant in which the trial court is a party; and (2) the fact that the trial court was a prosecutor in a case in which Appellant was a defendant.

*Standard of Review*

As an initial matter, we address the standard by which this Court reviews petitions for recusal on appeal. Pursuant to Tennessee Supreme Court Rule 1 0B, section 2.01, a party is entitled to an "accelerated interlocutory appeal as of right" from an order denying a motion for disqualification or recusal. As amended, effective July 1, 2012, Tennessee Supreme Court Rule 10B, section 2.06, directs this Court to review the appeal "on an expedited basis based upon a de novo standard of review." Prior to July 1, 2012, the appellate courts reviewed recusal decisions pursuant to the more deferential abuse of discretion standard. *See State v. Hester*, 324 S.W.3d 1 (Tenn. 2010). The timing of the motion for recusal requires this Court will review the appeal under the new de novo standard.

*Timeliness of the Motion to Recuse*

Before addressing the merits of the recusal issue, this Court must comment on the procedural requirements of the filing of a motion to recuse under Rule 10B. Section 1.01 of that Rule provides in its entirety:

Any party seeking disqualification, recusal, or a determination of

4

constitutional or statutory incompetence of a judge of a court of record, or a judge acting as a court of record, shall do so by a timely filed written motion. The motion shall be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials. The motion shall state, with specificity, all factual and legal grounds supporting disqualification of the judge and shall affirmatively state that is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. A party who is represented by counsel is not permitted to file a pro se motion under this Rule.

Tenn. Sup. Ct. R. 10B Section 1.01.

Although the trial judge concluded that current counsel's Rule 10B motion did not state, *with specificity*, that the motion would not cause "unnecessary delay or needless increase in the cost of litigation," both the motion and amended motion did, in fact, state that they were "not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless cost of litigation." This Court does not agree with the trial court's interpretation of the language of Section 1.01. We conclude that the "with specificity" requirement refers to the "factual and legal grounds supporting disqualification," rather than the requirement of an affirmative statement that the motion is not being filed for any improper purpose. Nevertheless, the fact that the third motion reasserted the same ground raised in the previous two motions for recusal, as well as one of the grounds for relief raised in the motion for new trial, does suggest that it was being presented for an improper purpose.

Section 1.01 of Rule 10B also mandates that a motion for recusal must be timely filed. As the Court of Appeals recently recognized in addressing a Rule 10B motion for recusal:

It is also important to recognize that a party may lose the right to challenge a judge's impartiality by engaging in strategic conduct. *Kinard v. Kinard,* 986 S.W.2d 220, 228 (Tenn. Ct. App.1998). Further, our "[c]ourts frown upon the manipulation of the impartiality issue to gain procedural advantage and will not permit litigants to refrain from asserting known grounds for disqualification in order 'to experiment with the court . . . and raise the objection later when the result of the trial is unfavorable.'" *Id.* (quoting *Holmes v. Eason,* 76 Tenn. 754 (Tenn. 1882)); *Gotwald v. Gotwald,* 768 S.W.2d 689, 694 (Tenn. Ct. App.1988). "Thus, recusal motions must be filed promptly after the facts forming the basis for the motion become known, and the failure to assert them in a timely manner results in a waiver of a party's

right to question a judge's impartiality." *Id.* (internal citations omitted).

*Kathryn A. Duke v. Harold W. Duke, III.*, M2012-01964-COA10B-CV, 2012 WL 4513613 at *3 (Tenn. Ct. App., at Nashville, Oct. 2, 2012). Given our de novo review of the matter at hand, this Court has determined that the Rule 10B motion of current counsel, which was filed after trial and sentencing and just prior to the scheduled hearing on the motion for new trial, was not filed in a timely manner. As noted above, only one new ground for recusal was alleged in the third motion. This ground, however, was known to the Appellant prior to the filing of the first two motions and could have been included as a ground for recusal in either of the two motions filed by previous counsel. To allow the Appellant to proceed on this known ground at this late of a date in the trial court proceeding would thwart the intent of Rule 10B. The fact that the Appellant received the appointment of new counsel who may not have been aware that the trial judge previously prosecuted the Appellant provides the Appellant no relief. Therefore, the petition was untimely.

### *Merits of the Petition*

Despite these procedural impediments, we determine that the trial judge correctly denied the motion to recuse on its merits. The "filing of a lawsuit against the trial judge is normally insufficient to warrant recusal. *State v. Parton*, 817 S.W.2d 28, 29-30 (Tenn. Crim. App. 1991). To hold otherwise would mean that a litigant could automatically disqualify a judge by the filing of a frivolous suit and would set a dangerous precedent inviting additional frivolous litigation, manipulation of the judicial system, and forum shopping. *State v. Michael W. Parsons*, W2010-02073-CCA-R3-CD, 2011 WL 6310456, at *23 (Tenn. Crim. App., at Jackson, Dec. 15, 2011), *perm. app. denied*, (Tenn., May 23, 2012); *State v. William Everett Chouinard*, 03-C-01-9310-CR00340, 1994 WL 318984, at *2 (Tenn. Crim. App., at Knoxville, June 30, 1994); *In re Conservatorship of Tate*, M2012-01918-COA-10B-CV, 2012 WL 4086159 at *3 (Tenn. Ct. App., at Nashville, Sept. 17, 2012). Furthermore, "a judge is not required to recuse [himself or] herself merely because [he or] she prosecuted the defendant in a prior crime." *State v. Terry Byington*, No. E2008-01762-CCA-R3-CD, 2009 WL 5173773, at *4 (Tenn. Crim. App., at Knoxville, Dec. 30, 2009) (citing *State v. Warner*, 649 S.W.2d 580, 581 (Tenn.1983)).

For these reasons, the ruling of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE

6